Opinion Issued February 3, 2005



















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01108-CV
____________

SAMUEL LUSTER JR., Appellant

V.

ATKINS, HARRIS, & BROWN, L.L.C., RETAIL COLLECTION
SERVICES, L.L.C., BENNET BLOW, STEVEN GUIGNARD, and
RAYMOND CHARLES RAE, Appellees
 
* * * * *
 
ATKINS, HARRIS, & BROWN, L.L.C., RETAIL COLLECTION
SERVICES, L.L.C., BENNET BLOW, STEVEN GUIGNARD, and
RAYMOND CHARLES RAE, Appellants

V.

SAMUEL LUSTER JR., Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2002-35101




MEMORANDUM OPINION
          Appellants, Atkins, Harris, & Brown, L.L.C., Retail Collection Services,
L.L.C., Bennet Blow, Steven Guignard, and Raymond Charles Rae (collectively, “the
Atkins defendants”) challenge the finality of the trial court’s order granting the
Atkins defendants’ no-evidence summary judgment motion against appellee, Samuel
Luster Jr. In a single issue, the Atkins defendants contend that the trial court erred
in entering a “final” judgment rather than a partial summary judgment. Alternatively,
the Atkins defendants contend that the trial court did not enter a final, appealable
judgment. We dismiss the appeal for want of jurisdiction. 
Procedural Background
          Luster sued the Atkins defendants for conversion, breach of statutory duty, an
accounting, and injunctive relief. Luster asserted additional claims against Blow,
Guignard, and Rae for breach of contract, breach of the duty of good faith and fair
dealing, and fraud. In their answer, the Atkins defendants included counterclaims
against Luster for declaratory judgment, breach of contract, breach of fiduciary duty,
and fraud. The Atkins defendants then filed a no-evidence summary judgment
motion, which addressed only the claims asserted against them by Luster. The no-evidence summary judgment motion did not address the Atkins defendants’
counterclaims for affirmative relief against Luster, and Luster did not file a cross-motion for summary judgment on his own claims or on the Atkins defendants’
counterclaims.
          On July 24, 2003, the trial court signed an “Order Granting Summary Judgment
Motion,” which reads in part as follows:
          After considering the No Evidence Motion for Summary
Judgment, the Response, and the arguments of counsel, the Court finds
that the Defendants’ No Evidence Motion is meritorious and should be
granted. Accordingly, it is hereby ordered that Defendants’ No
Evidence Motion for Summary Judgment is granted.
 
          The Court orders that plaintiff take nothing by his suit against all
defendants herein.
 
          This is a final judgment.
 
          Thereafter, Luster filed a motion for new trial. Subsequently, the Atkins
defendants filed a “Motion to Modify, Correct, or Reform Order or, Alternatively, a
Motion for a Limited New Trial,” which asked the trial court to either strike the
statement “This is a final judgment” or to grant a new trial regarding only the Atkins
defendants’ counterclaims for affirmative relief against Luster. In its motion, the
Atkins defendants asserted that the trial court’s order was not a final and appealable
judgment because the order did not refer to the Atkins defendants’ counterclaims or
otherwise state that the order disposed of all parties and all claims. Both Luster’s and
the Atkins defendants’ motions were overruled by operation of law. 
          On October 17, 2003, Luster filed a notice of appeal, and, in response, on
November 10, 2003, the Atkins defendants filed a cross-notice of appeal “in an
abundance of caution.” However, on March 25, 2004, this court granted Luster’s
motion to dismiss his appeal, but the Atkins defendants proceeded with their cross-appeal. Thereafter, the Atkins defendants were re-designated as the “appellants,” and
Luster was re-designated as the “appellee.” 
Finality of the Judgment
             The Atkins defendants argue that the trial court’s order granting their no-evidence summary judgment motion “should be reversed to the extent that the
statement ‘This is a final order’ disposes of [the Atkins defendants’] claims against
[Luster], because such claims were not before the trial court at summary judgment.” 
Alternatively, the Atkins defendants argue that the trial court’s order granting their
summary judgment was not a final and appealable judgment because the order did not
address the Atkins defendants’ counterclaims against Luster. 
          It is well-established that, in general, an appeal may be taken only from a final
judgment; that is, a judgment that disposes of all pending parties and claims.
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Absent a conventional
trial on the merits, a judgment is final “if and only if either it actually disposes of all
claims and parties then before the court, regardless of its language, or it states with
unmistakable clarity that it is a final judgment as to all claims and all parties.” Id. at
192-93. The law does not require that a final judgment be in any particular form. Id.
at 195. The language of an order or judgment can make it final, even though it should
have been interlocutory, if that language expressly disposes of all claims and all
parties. Id. at 200. If the intent to finally dispose of the case is clear, “then the order
is final and appealable, even though the record does not provide an adequate basis for
rendition of judgment.” Id. Granting more relief than necessary makes the order
reversible but not interlocutory. Id. at 204. However, in Lehmann, the court
conceded that, to determine whether an order disposes of all pending claims and
parties, an appellate court may also look to the record from the court below. Id. at
205-06. Therefore, whether a decree is a final judgment must be determined from its
language and the record in the case. Id. at 195. 
          The order at issue here contains the phrase, “This is a final judgment.” 
However,“[a]n order does not dispose of all claims and all parties merely because it
is entitled ‘final,’ or because the word ‘final’ appears elsewhere in the order. . . .” Id.
at 205. Thus, we conclude that the phrase, “This is a final judgment,” does not
indicate with “unmistakable clarity” an intent that the judgment be final as to the
Atkins defendants’ counterclaims against Luster. See id. at 192-93. Additionally, the
record reveals that the Atkins defendants’ no-evidence summary judgment motion
addressed only Luster’s claims against the Atkins defendants and did not include the
Atkins defendants’ counterclaims against Luster. Furthermore, there is no evidence
in the record that the trial court disposed of the Atkins defendants’ counterclaims
elsewhere. Because the order granting summary judgment did not adjudicate all the
claims before the trial court, we hold that the order is interlocutory and does not
constitute a final and appealable judgment. 
Conclusion
          Because the language of the trial court’s judgment does not render it final and
because there is no indication in the record that the trial court disposed of the Atkins
defendants’ counterclaims, we dismiss the appeal for want of jurisdiction. 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).